## MARY ELLIS ET AL. v. OLIVER C. SPAULDING.

*Deposition—Misnomer—Exclusion of evidence.*

A commission to take the testimony of Mary Ann Glaspell gave the name as Mary Ann Gaspell, but the interrogatories corrected the error, no one was misled, and the witness appeared and testified. *Held* that her evidence when returned could not be objected to for the misnomer.

It is not an immaterial error to exclude evidence where other evidence might have been put in if it had been received.

The Supreme Court does not draw conclusions of fact from evidence.

Error to Berrien. Submitted October 10. Decided October 15.

EJECTMENT. Plaintiffs bring error.

*George S. Clapp* for plaintiffs in error. Where there is no mistake as to the person a deposition should not be excluded for a slight variation in the name of the witness designated in the commission for taking testimony, *Arnold v. Nye,* 23 Mich., 294; *Eaton v. Peck,* 26 Mich., 60; *Torrans v. Hicks,* 32 Mich., 309; *People v. Collins,* 7 Johns., 549; *Padgett v. Lawrence,* 10 Paige, 170; *Cobb v. Lucus,* 15 Pick., 7; *Kincaid v. Howe,* 10 Mass., 203.

*Edward Bacon* and *Cholwell Knox* for defendant in error. A deposition is inadmissible if the name of the deponent so far differs from the name given in the

commission to take testimony, that the names are not *idem sonans*, (*Boothroyd v. Engles*, 23 Mich., 19; *Brown v. Southworth*, 9 Paige, 350; *Bennett v. Libhart*, 27 Mich., 489) or an indictment for perjury would not lie, *U. S. v. Babcock*, 4 McLean, 113; *U. S. v. Stowell*, 2 Curtis C. C., 153; *Warner v. Fowler*, 8 Md., 29; Whart. Amer. Crim. Law, §§ 2218, 2254, 2269.

COOLEY, J. The plaintiff in this case obtained a commission for taking the testimony of one Mary Ann Glaspell at Philadelphia. The order for the commission was in due form, and interrogatories addressed to the witness were settled, and attached to the commission. By mistake in drafting the commission the name of the witness appears to have been given as Mary Ann Gaspell. The person intended nevertheless appeared before the commissioner and her evidence was taken and duly returned. When the cause came on for trial the evidence was objected to for the reason, among others, that the person whose testimony was taken was not the person whom the commissioner was directed to examine. The circuit court sustained the objection.

The ruling was manifestly erroneous. The interrogatories attached to the commission sufficiently corrected the error, which was merely clerical. No one was misled; the right person was examined, and the objection had no merit whatever. It is said, however, that the error was immaterial, because on the other evidence in the case it clearly appears that the plaintiffs, had the deposition been received, could not have recovered. There are two conclusive answers to this suggestion: *first*, the facts in the case are not found by the circuit judge, and this court does not draw conclusions of fact from evidence; and *second*, we cannot know what further evidence the plaintiffs might have put into the case had the deposition been received.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.